IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | CASE NO: 1:15-CR-128-1 |
| | § | |
| GROVER LEE ROBERTS, JR | § | |
| | § | |

**REPORT AND RECOMMENDATION REGARDING FORFEITURE**

On November 24, 2015, the Government filed a Motion and Brief for Issuance of a Preliminary Order of Forfeiture (Doc. No. 55) regarding personal property, real properties, and cash proceeds. Chief Judge Ron Clark granted this motion. (Doc. No. 56.) Now, before the undersigned are two Motions for Remission of Forfeited Property filed by claimant Brunetta F. Roberts ("Roberts") regarding one piece of real property. (Doc. Nos. 75, 101.) These motions were referred to the undersigned for consideration and a recommended disposition by Chief Judge Clark. (Doc. Nos. 90, 102.)

Roberts is claiming an interest in the real property located at 1412 South Hart Avenue, Orange, Texas 77630 described as: Lot Twelve (12) in Block Two (2) of the S.T. Edwards Addition to the City of Orange, Orange County, Texas, according to the Map or Plat of said Addition as recorded in Vol. 1, Page 86, of the Map Records of Orange County, Texas. (Doc. Nos. 75, 101, 56.) The undersigned conducted a hearing on February 29, 2016, regarding Roberts's third party claim to an interest in this property. (Doc. No. 120.) Because the undersigned finds that Roberts has a legal one-half interest in the property that vested prior to the commission of the acts giving rise to the forfeiture, the undersigned recommends amending the forfeiture order to order the Government

to sell the property in a commercially feasible manner and divide the net proceeds equally with Roberts after satisfaction of all taxes owed and the costs of possession, maintenance repairs, marketing, and sale of the property.

## I. CRIMINAL FORFEITURE LAW

Under 21 U.S.C. § 881(a)(7), "real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment" shall be subject to forfeiture to the United States and no property right shall exist in them. Also, 21 U.S.C. § 853(a) states that "any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law . . . (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." Further, in imposing a defendant's sentence, the court shall order, in addition to any other sentence imposed, that the defendant forfeit to the United States all property described in subsection (a). 21 U.S.C.A. § 853(a).

In compliance with these statutes, the Government attached a notice to seek criminal forfeiture of the real property at issue in this report to the Defendant's Indictment. (Doc No. 2, p. 3-5.) On November 24, 2015, the Defendant pled guilty to the Indictment in court before the undersigned judge, and as part of his plea agreement, he agreed to forfeit his interest in the subject property pursuant to section 853. (Doc. No. 57.) In addition, on that same date, Chief Judge Clark signed an Order granting the Government's Motion for Preliminary Forfeiture of Property, including

the property at issue. (Doc. No. 56.)

Following an order of forfeiture, any third person asserting a legal interest in the property may petition the court to adjudicate the validity of her alleged interest in the property. 21 U.S.C.A. § 853(n). The third party petitioner must establish by a preponderance of the evidence that: "(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." Id. The court must hold a hearing and allow the third party petitioner and the Government to present evidence and witnesses. Id. The court shall also consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture. Id. If the third party petitioner is successful in meeting her burden, the court shall amend the order of forfeiture in accordance with its determination. Id. If the burden of proof is not met, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee. Id. Furthermore, following the seizure and forfeiture of the property, the Attorney General shall direct the disposition of the property by sale, "making due provision for the rights of any innocent persons." 21 U.S.C. § 853 (h). This subsection and subsection (n) regarding third party interests are the only protection for innocent owners in the criminal forfeiture statute. See United States v. Fleet, 498 F.3d 1225, 1230–31 (11th Cir. 2007).

Roberts argues that she is entitled to the "innocent owner defense" pursuant to 18 U.S.C. § 983(d). However, that section is only for *civil* forfeitures. See 18 U.S.C. § 983 (i) ("In this section, the term 'civil forfeiture statute' means any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense"). The criminal forfeiture statute, 21 U.S.C. § 853, is an *in personam* proceeding that authorizes the government to seek forfeiture of a defendant's interest in subject property as a punishment for committing criminal acts. Fleet, 498 F.3d at 1230–31; United States v. Kennedy, 201 F.3d 1324, 1329 (11th Cir. 2000) (citing United States v. Lester, 85 F.3d 1409, 1413 (9th Cir. 1996)). This is in contrast to the civil forfeiture scheme, which involves an *in rem* proceeding, in which the whole property (as opposed to a particular defendant's interest in the property) is treated as being itself guilty of wrongdoing. Id. (citing United States v. One, 1976 Mercedes Benz 280S, 618 F.2d 453, 454 (7th Cir. 1980)). In a criminal forfeiture, only the property belonging to the criminal defendant is subject to forfeiture. Fleet, 498 F.3d at 1232.

In *Fleet*, the Eleventh Circuit held that 21 U.S.C. § 853 requires a partial forfeiture when the defendant owns real property with innocent parties. Id. at 1230–31 (holding that the United States can forfeit a defendant's interest in residence he owns with his wife). The court noted that the criminal forfeiture statute does not contain an innocent owner exception like the civil forfeiture statute, which can prevent the Government from forfeiting any part of the property. Id. So, the fact that an innocent spouse, even though she retains her property interest and may be adversely affected by the forfeiture of her guilty spouse's interest, it is no bar to forfeiture of the Defendant's interest. Id.; see also United States v. Morales, No. 6:12CR121, 2014 WL 3974557, at *1-3 (M.D. Fla. Aug. 14, 2014) (finding that the wife's one-half interest in the property posed no barrier to the forfeiture

of the Defendant's interest in the Property, and the government shall sell the Property in a commercially feasible manner and divide the net proceeds equally with the Defendant's wife after satisfaction of all taxes owed and the costs of possession, maintenance, repair, marketing, and sale of the property). However, the Government must share the net proceeds from the sale of the property with an innocent owner according to their percentage owned. Id.; United States v. Dorman, 38 F. Supp. 3d 1328, 1330 (M.D. Fla. 2014), aff'd, 603 F. App'x 844 (11th Cir. 2015) (proceeds to be divided equally between the government and the Defendant's wife after selling the property); see also United States v. Lot 6 Block 4 Lakewood Oak Estates, 260 F. App'x 699, 700 (5th Cir. 2007) (approving of district court's ruling that partial payment for property with legitimate funds entitled spouse to community property interest equal to one-half of the legitimate payment).

Consequently, the undersigned must decide whether Roberts has established that: (a) she has an interest in the property vested in her rather than the Defendant *at the time he committed the acts giving rise to the forfeiture*; or (b) that she is a bona fide purchaser for value of the Defendant's interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture. 21 U.S.C. § 853 (n).

## II. DISCUSSION

A.    Procedural History

On October 7, 2015, the Defendant, Grover Lee Roberts Jr., was indicted for violation of 21 U.S.C. § 846, conspiracy with intent to distribute a controlled substance. (Doc. No. 2.) A notice of intention to seek criminal forfeiture pursuant to 21 U.S.C. §§ 853, 881 was included in the Indictment and referenced the property at issue. (Id.) On October 13, 2015, the Government filed a Notice of Lis Pendens with the Orange County Clerk giving notice to the public that the property

5

is subject to forfeiture pursuant to the indictment against the Defendant. (Govt. Ex. 1.) On October 15, 2015, the Defendant signed a Quitclaim Deed giving the subject property wholly to Roberts, but no value was exchanged between the two of them. (Roberts Ex. 1.) The Quitclaim Deed stated that the Defendant was giving his 50% ownership to Roberts so that she would now own 100 % of the property. (Id.)

On November 24, 2015, the Defendant pled guilty to the Indictment in court before the undersigned judge, and as part of his plea agreement, he agreed to forfeit his interest in the subject property. (Doc. No. 57.) In addition, on that same date, Chief Judge Ron Clark signed an Order granting the Government's Motion for Preliminary Forfeiture of Property, including the property at issue. (Doc. No. 56.) Just a few weeks later, on December 10, 2015, a General Warranty Deed was executed and filed with the Orange County Clerk listing Grover L. Roberts, Jr. as the Grantor and Brunetta F. Roberts as the Grantee. (Govt. Ex. 3.) However, the Deed was mistakenly signed by Brunetta F. Roberts as the Grantee, instead of the Grantor, rendering it invalid. On December 14, 2015, Roberts then filed a Petition for Remission of Forfeited Property.[1] (Doc. No. 75.)

---

1. Roberts filed a Petition for Remission of Forfeited Property. However, a petitioner seeking remission or mitigation of a forfeiture does not contest the legitimacy of the forfeiture. United States v. Morgan, 84 F.3d 765, 767 n. 3 (5th Cir.1996) ("[u]nlike the claimant who files a claim [seeking judicial relief] and posts a cost bond, a petitioner seeking remission or mitigation of a forfeiture does not contest the legitimacy of the forfeiture."). Rather, a petition for remission or mitigation presumes that the forfeiture is valid and is a means of ameliorating the harshness of forfeiture when mitigating circumstances exist. Id. It is in essence, a request for leniency, or an executive pardon, based on the petitioner's representations of innocence or lack of knowledge of the underlying unlawful conduct. See United States v. Vega, 72 F.3d 507, 514 (7th Cir.1995); cert. denied, 518 U.S. 1007 (1996); see also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995). Further, a petition seeking remission or mitigation pursuant to 28 § C.F.R. 9.5 is ruled upon not by the Court, but by the Chief of the Asset Forfeiture and Money Laundering Section, Criminal Division, United States Department of Justice, without a hearing. See 28 C.F.R. § 9.4(g). Because Roberts, who is proceeding *pro se*, is alleging that she has a legal interest in the property, the undersigned will construe her filing as a petition to the court for a hearing to adjudicate the validity of her alleged interest in the property pursuant to 21 U.S.C. § 853(n) and not as a remission of forfeited property.

B. Hearing Testimony

At the hearing, Roberts testified about her interest in the property located at 1412 South Hart Avenue in Orange, Texas. She stated that she and the Defendant, Grover Lee Roberts, Jr., her now ex-husband, purchased this home together on August 1, 1979, while they were married. The Government submitted a General Warranty Deed showing their purchase of the property on October 1, 1979. (Govt. Ex. 2.) Roberts testified that the mortgage on the home was paid off in 2006, and she provided the court with a release of lien, dated April 11, 2006, indicating that the mortgage company was paid in full by borrowers, Grover Lee Roberts, Jr. and Brunetta Faye Roberts. (Roberts Ex. 1.)

Roberts also provided the court with documents regarding her divorce from the Defendant. This exhibit states that Grover Lee Roberts, Jr. was served with a summons for absolute divorce on April 8, 2006, from the Circuit Court for Prince George's County, Maryland. (Id.) In addition, a Notice of Master's Recommendations mailed to the Defendant on December 13, 2006, states that if he does not file written exceptions to the attached Final Order before December 26, 2006, it will be submitted for approval. (Id.) The final order states that it is a Judgement of Absolute Divorce and grants Roberts an absolute divorce.[2] (Id.) It does not appear that there was an explicit division of their property in the divorce judgment.

Roberts lived in Maryland for approximately two years between 2006 and 2008, and she then moved to Houston, Texas sometime during 2009. In 2010, she moved back to Orange, Texas to live with her mother. She maintains that she had frequent contact with the Defendant, especially after

---

2. "An absolute divorce . . . effects a complete severance of the marital bond and entitles either of the parties, or both, to remarry." Ricketts v. Ricketts, 903 A.2d 857, 861 (Md. 2006).

his wife passed away. She testified that she had an oral agreement with the Defendant that she would always maintain her ownership in the home and if he were not living there, that she could. Roberts stated that she has not lived at that property since 2005, and she had no knowledge of any criminal activity that took place there.

Terrie Salter, a friend of the family, also testified on Roberts' behalf. She stated that Roberts occasionally cooked for the Defendant and can vouch for Roberts that she did not know of any criminal activity taking place at the property.

The Government called Agent Jason Laughlin as a witness. He is a sergeant in the Narcotics Division with the City of Orange. He investigated narcotics activity at the property at issue starting in April, 2015. The Department had a confidential source purchase drugs from the Defendant at the property. They did approximately 5 to 6 buy-walks at that location and seized 60 grams of crack cocaine. In addition, a search warrant was executed at the property and more than 15 grams of crack cocaine were found. Agent Laughlin also testified that this property has prostitutes that come and go and perhaps live there, and there are always a lot of people gathered at the home. He stated that it is well known to officers that you can get drugs there any time of the day, and there have been multiple calls, disturbances, and arrests from the property. He commented that the criminal activity involving this property goes back to at least January 6, 2009, when an arrest of the Defendant was made, and a search was conducted that resulted in the seizure of crack cocaine. Agent Laughlin stated that since the Defendant has vacated the property due to incarceration, the property has been very quiet with no criminal activity.

C. Analysis

1. Roberts' Vested Interest

Roberts does have a legal one-half interest in the property that vested prior to the commission of the acts that give rise to the forfeiture. Evidence presented at the hearing showed that the property was purchased in 1979 and was paid off in 2006 prior to any evidence of criminal activity taking place at that location (the indictment alleges that the conspiracy involving the Defendant began on or about 2008). In addition, it appears that Roberts retained her half interest in the property after she and the Defendant were divorced by a Maryland state court. See Bargeski v. Rose, No. CIV.A. RWT 05-0962, 2006 WL 1238742, at *3 (D. Md. Mar. 31, 2006), aff'd, 242 F. App'x 945 (4th Cir. 2007) ("Upon the Bargeskis' divorce, the Coldstream property previously owned as tenants by the entirety[3] was converted by operation of law into a tenancy in common[4].") (citing In re Lowery, 203 B.R. 587, 588 (Bankr. D. Md. 1996) ("In Maryland, a tenancy by the entirety converts into a tenancy in common upon the dissolution of marriage.")); Keen v. Keen, 60 A.2d 200, 204 (Md. 1948) ("Where a decree of absolute divorce is granted, then such property is held by husband and wife as tenants in common."); Meyers v. E. End Loan & Sav. Ass'n of Baltimore City, 116 A. 453, 456 (Md. 1922) ("As the result of the divorce they each became entitled as tenant in common to an undivided

---

3. "A tenancy by the entireties can be created only when the grantees stand in relationship of husband and wife at the time of the conveyance to them, and absent such a relationship, an attempt to create such tenancy must fail." Young v. Young, 376 A.2d 1151, 1155 (Md. 1977). Tenancy by the entireties differs from other forms of co-ownership in that, unless there is a divorce, neither the husband nor the wife can partition, sell, or convey the property without the consent of the other. Spessard v. Spessard, 494 A.2d 701, 706 (Md. 1985).

4. A tenancy in common is "a type of concurrent estate in which multiple parties have interest in a single property." Fagnani v. Fisher, 15 A.3d 282 (Md. 2011). "A fundamental characteristic of a tenancy in common is the ability of each tenant to devise (or not devise) his or her separate interest separately." Id. Each tenant possesses the authority to sell or encumber their own individual interests. Anderson v. Joseph, 26 A.3d 1050, 1056 (Md. 2011).

9

one-half interest in the property, . . .").

### 2. Bona Fide Purchaser of the Defendant's Interest

Although a Quitclaim deed, and an (invalid) Warranty Deed were executed in this case giving the Defendant's share of the property to Roberts, she does not qualify as a bona fide purchaser of the Defendant's half interest, because she did not pay value for the transfer of the property, and she was not without cause to believe that the property was subject to forfeiture as required by the statute. See United States v. White, 306 F. App'x 838, 840-41 (5th Cir. 2007) (To qualify as a bona fide purchaser under federal forfeiture law, the claimant must have given value in exchange for the property.); United States v. Real Prop. Located & Situated at 404 W. Milton St., Austin, Travis Cty., Tex., No. A-13-CA-194-SS, 2014 WL 5808347, at *7 (W.D. Tex. Nov. 7, 2014) ("Having taken by inheritance, Claimants are manifestly not 'bona fide purchasers or sellers for value': they are gratuitous transferees."); United States v. Brewer, 591 F. Supp. 2d 864, 868 (N.D. Tex. 2008) (citing United States v. Reckmeyer, 836 F.2d 200, 208 (4th Cir. 1987) (A bona-fide purchase under the criminal forfeiture statute is for persons who give value to the defendant in an arms'-length transaction.).

With regard to her knowledge of the forfeiture, the Defendant was arrested, incarcerated, and indicted prior to his decision to execute a deed in Roberts' favor. She stated in her petition, "[w]hen the accused was arrested not knowing the possible outcome of the situation, he decided to turn his 50% of his interest in the property located at 1412 Hart Avenue S., Orange, Texas to me." (Doc. No. 101.) Moreover, the Government presented evidence that a Notice of Lis Pendens was filed giving notice of the forfeiture just days prior to the execution of the Quitclaim Deed, so Roberts cannot claim that she was without knowledge of the forfeiture. See United States v. Real Prop. Located &

10

Situated at 404 W. Milton St., Austin, Travis Cty., Tex., No. A-13-CA-194-SS, 2014 WL 5808347, at *8 (W.D. Tex. Nov. 7, 2014) (citing United States v. 392 Lexington Parkway S., St. Paul., Minn., Ramsey Cnty., 386 F. Supp. 2d 1062, 1068 (D. Minn. 2005)) (explaining claimants would not qualify as innocent owners if they acquired their ownership interests in the property after a lis pendens was filed, as a lis pendens would give them cause to know the property was subject to forfeiture)). Consequently, the Defendant's half interest in the property is subject to forfeiture.

### III. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Roberts's petition be granted in part and denied in part. It is further recommended that the Court amend the order of forfeiture and order the Government to sell the Property in a commercially feasible manner and divide the net proceeds equally with Roberts after satisfaction of all taxes owed and the costs of possession, maintenance, repair, marketing, and sale of the property.

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and

conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of March, 2016.

_____
Zack Hawthorn
United States Magistrate Judge