**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **1:15-CR-128-1** |
| | § | |
| | § | |
| | § | |
| **GROVER LEE ROBERTS, JR.** | § | |

## REPORT AND RECOMMENDATION

On November 24, 2015, the Government filed a motion for preliminary forfeiture of property seeking forfeiture of the Defendant's interest in two parcels of land: 1) a parcel of land located at 1412 South Hart Avenue, Orange, Texas 77630 described as: "Lot Twelve (12) in Block Two (2) of the S.T. Edwards Addition to the City of Orange, Orange County, Texas, according to the Map or Plat of said Addition as recorded in Vol. 1, Page 86, of the Map Records of Orange County, Texas"; and 2) a parcel of land located at 1307 14th Street, Orange, Texas 77630 described as "[b]eing all that certain tract or parcel of land situated in Orange County, Texas, being a part of the Nathan Cordrey Headright Survey, Abstract No. 59, and better described as a portion of a one acre tract of land in Block 'I' conveyed to D. Morrison, et. al., by deed dated September 8, 1892 and recorded in book 'O' pages 187-189, deed records of Orange County, Texas." (Doc. No. 55.) The Honorable Chief Judge Ron Clark entered a Preliminary Order of Forfeiture on November 24, 2015. (Doc. No. 56.)

On January 11, 2016, Orange County, Texas, Orange County FMLR, City of Orange, Orange County Navigation and Port District, Orange County Drainage District, and West Orange – Cove C.I.S.D., ("Taxing Authorities"), Petitioners, filed a petition asserting an interest in both

parcels of land.[1]  (Doc. No. 89.)  On January 11, 2016, the Chief Judge Clark referred this petition to the undersigned for consideration and a determination or recommended disposition. (Doc. No. 90.)

On February 24, 2016, the Taxing Authorities filed a Stipulation as to their petition for adjudication of their interest in the land being forfeited.  (Doc. No. 114.)  The stipulation is signed by the Taxing Authorities and counsel for the Government.  (Id.)  It states that the parties agree that: the land is subject to forfeiture; the Taxing Authorities have a valid interest in the land, including ad valorem taxes owed, penalties, and interest; the Taxing Authorities will release and hold harmless the Government from claims by them relating to the land; and the Taxing Authorities agree to the entry of a final order of forfeiture forfeiting the property to the Government and providing for payment of the Taxing Authorities' interest in the land after payment of the costs incurred in selling the land.  (Id.)

For these reasons, the undersigned recommends that the Taxing Authorities' petition in interest be GRANTED.

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed

---

[1] Title 21, United States Code, Section 853(n) recognizes certain third-party interests in assets that are subject to forfeiture. Specifically, Section 853(n)(6) requires a district court to amend its order of forfeiture if a petitioner can demonstrate either of the following: (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

findings, conclusions, and recommendation to which specific objection is timely made.  <u>See</u> 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  <u>See</u> <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of April, 2016.

_____
Zack Hawthorn
United States Magistrate Judge